IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Chantee Bond, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 0:12-2764-RMG |
| vs. ) | |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation on January 17, 2014, recommending that the Court affirm the decision of the Commissioner. (Dkt. No. 28). The Plaintiff filed objections to the Report and Recommendation and the Commissioner filed a reply. (Dkt. Nos. 30, 32). As more fully set forth below, the Court reverses the decision of the Commissioner and remands for further action consistent with this order.

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo*

determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

## Discussion

Plaintiff was thirty years old at the time of the alleged onset of her disability in September 2009. She alleges that mental health disorders have rendered her disabled from employment. The record reviewed and analyzed by the Administrative Law Judge ("ALJ") included opinions from a treating psychiatrist, Dr. Kellie Bishop, and consulting examiner, Dr. Scott Shaffer, Ph.D., both of whom raised questions concerning the Plaintiff's ability to function in the workplace. Tr.

418, 461-64, 465-67, 469-71, 474. Dr. Bishop diagnosed Plaintiff primarily with a "mood disorder not otherwise specified" but indicated in a Medical Source Statement that "diagnosis is unclear at this point" and "not confirmed". Tr. 291, 295, 298, 390, 396, 418, 420, 436, 463-64. Dr. Bishop stated in one office note that Plaintiff "is very impaired at this point. Is completely disabled and in no way be able to function at a job." Tr. 418. The ALJ gave little weight to the opinions of Dr. Bishop, noting that Plaintiff's Global Assessment of Functioning ("GAF") scores were in the moderate range during Dr. Bishop's care and the conclusion that Plaintiff was disabled because her mental health impairments was unsupported by the physician's treatment records. Tr. 19.

The ALJ also gave little weight to the opinions of the consulting examiner, Dr. Shaffer, who found that Plaintiff had marked limitations in two areas of mental health functioning, "the ability to make judgments on complex work-related decisions" and the ability to "respond appropriately to usual work situations and to changes in a routine work setting." Tr. 470. The ALJ stated that Dr. Shaffer's opinions appeared "based solely on the claimant's self reported difficulties" and these reported difficulties were inconsistent with other evidence in the record. Tr. 19.

The ALJ also gave "little weight" to the state agency medical consultants, Dr. Lisa Varner and Dr. Olin Hamrick, both of whom opined that Plaintiff's mental health impairments were not severe under the Social Security Act. Tr. 19, 303, 402. Instead, the ALJ found that Plaintiff had an affective disorder that was severe and limited her to sedentary work. Tr. 17, 19, 21. Since the Plaintiff retained the residual functional capacity to perform sedentary work and a sufficient number of jobs existed in the national marketplace for persons with Plaintiff's limitations, the

ALJ concluded Plaintiff was not disabled under the Social Security Act.

If the record was presented as stated by the ALJ, this Court would affirm the Commissioner's decision as supported by substantial evidence. The difficulty here is that the ALJ apparently did not review highly material medical records from an inpatient admission to Beaufort Memorial Hospital that were submitted days before the written administrative decision. These records indicated that Plaintiff was diagnosed with a psychotic disorder and referenced symptoms consistent with paranoia. Tr. 486, 495. Plaintiff was described as having "eccentric behavior, unusual laughing, [and] inappropriate answers to questions." Tr. 486. The diagnosis of a psychotic disorder was made by Dr. Mary Hill, a board certified psychiatrist.

The record indicates that the Beaufort Hospital records were sent by fax to the ALJ on June 21, 2011, which was days before the ALJ's decision was issued on June 24, 2011. Tr. 22, 28-29. However, the ALJ makes no reference in her decision to Dr. Hill's evaluation or diagnosis, and the list of exhibits for the decision only runs through Exhibit 14F. Tr. 23-27. The Beaufort Hospital records are in the administrative record before the Court at Exhibit 15F. (Dkt. No. 11-1 at 3). A reasonable conclusion from these facts is that the ALJ did not review the Beaufort Memorial Hospital records, which contain a new diagnosis of psychosis and far more troubling symptoms than had previously been documented by Dr. Bishop and Dr. Shaffer.

The Commissioner pledges to review all expert opinions, to give the greatest weight to opinions of treating physicians, and to evaluate the opinions of experts under the Treating Physician Rule. This includes consideration of the examining history of the physician and whether the expert is a specialist. 20 C.F.R. § 404.1527( c). Measured by these standards, the failure to review and weigh the opinions of Dr. Hill, a treating specialist physician, obviously

requires reversal and remand. The record before the Court amply supports the conclusion that the opinions of Dr. Hill went unreviewed by any fact finder. Moreover, Dr. Hill's findings and diagnosis are potentially probative regarding the nature and extent of Plaintiff's mental illness during the entire period at issue in this claim.

Additionally, Plaintiff submitted to the Appeals Council additional treatment records from another board certified psychiatrist, Dr. Richard Ford. Dr. Ford referenced two prior treatment sessions with Plaintiff in July and August 2011 and documented various psychotic symptoms, including "auditory hallucinations such as hearing voices of unseen others and delusional thought–fixed false beliefs particularly of religious/paranoid-persecutory nature." Tr. 499-502. Dr. Ford indicated his present diagnosis was "Psychosis NOS" but that with further evaluation and treatment "a future diagnosis of Schizophrenia appears likely." Tr. 499.

A claimant in a Social Security proceeding is permitted to submit new and material evidence after the administrative hearing to the Appeals Council and that evidence is made part of the administrative record. 20 C.F.R. § 404.970(b).[1] The Appeals Council is required to review the new and material evidence so long as it "relates to the period on or before the date of the administrative law judge hearing decision.". *Id.* Although Social Security regulations do not require the Appeals Council to make any findings regarding the newly submitted evidence, the Fourth Circuit in *Meyer v. Astrue*, 662 F.3d 700, 706-07 (4th Cir. 2011) concluded that substantial evidence review by a district court is not possible in the absence of findings by the fact finder on the newly submitted evidence where the evidence is not "one sided" and the newly submitted evidence conflicts with other evidence credited by the Commissioner. In such a

---

[1] The records from Dr. Ford are found in the administrative record at Exhibit 16F.

situation, the district court must reverse and remand to allow the fact finder to weigh the new and material evidence and to reconcile it with the conflicting and supporting evidence in the record. *Id.* The Fourth Circuit noted that "[a]ssessing the probative value of competing evidence is quintessentially the role of the fact finder. We cannot undertake it in the first instance." *Id.*

Dr. Ford's opinions reflect the presence of a significant mental illness different in type and potential significance than the mental health impairment recognized by the ALJ in the administrative decision. Tr. 13. Further, Dr. Ford's opinions are potentially probative regarding the nature and extent of Plaintiff's mental illness during the entire time period at issue in this claim and provide evidentiary support for the discredited opinions of the treating physician, Dr. Bishop, and the examining consulting psychologist, Dr. Shaffer, that Plaintiff had significant mental health impairments that markedly interfered with her ability to function in the work place. Reversal and remand are obviously necessary to have the fact finder weigh the opinions of Dr. Ford and to reconcile them with the supporting and conflicting evidence in the record.[2]

## Conclusion

Based on the foregoing, the Court hereby reverses the decision of the Commissioner, pursuant to 42 U.S.C. § 405(g), and remands the matter to the Commissioner for further action

---

[2] Although Dr. Ford's evaluation and treatment occurred after the administrative hearing, his opinions clearly relate back to the condition at issue in this claim and are entitled to retrospective consideration. *Bird v. Commissioner of Social Security*, 699 F.3d 337, 340-41 (4th Cir. 2012).

consistent with this order.

    AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

February 14, 2014
Charleston, South Carolina