IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

2014 MAY 16  A 11: 05

| | |
|---|---|
| Chantee Bond, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 0:12-2764-RMG |
| ) | |
| vs. ) | |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | **ORDER** |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the Court on Plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. No. 35). Plaintiff seeks an award of $5,596.81, based upon 30.05 hours of attorney's time compensated at $186.25 per hour and $23.00 in costs. *Id.* at 6-7. Plaintiff asserts she is entitled to an award under EAJA because the Defendant's position in the Social Security disability appeal was not substantially justified and the amount of fees requested is reasonable. Defendant opposes an award under EAJA, arguing that the Government's position was substantially justified. (Dkt. No. 36).

Under the provisions of EAJA, parties prevailing against the United States are entitled to an award of attorney's fees unless the Government can carry its burden of demonstrating that its litigation position was substantially justified. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). "Substantial justification" is more than "merely undeserving of sanctions for frivolousness" and the Government's position must be "reasonable . . . both in law and in fact." *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988). EAJA defines the

"position of the United States" to include both the "position taken by the United States in the civil action" as well as the "the action or failure to act by the agency". 28 U.S.C. § 2412(d)(2)(d).

This Court earlier reversed the Commissioner's decision and remanded the matter to the agency because of the failure of any fact finder to evaluate the opinions of two treating specialist physicians whose opinions addressed issues highly probative to the Plaintiff's claim of disability arising from mental disorders. (Dkt. No. 33 at 4-6). One of those opinions was provided by a treating board certified psychiatrist, Dr. Mary Hill, whose report appeared to the Court to simply have been overlooked by the Administrative Law Judge ("ALJ"). Dr. Hill's findings, diagnoses and opinions tended to corroborate the opinions of other treating providers of the Plaintiff discredited by the ALJ and lent support for Plaintiff's claim. The failure of the ALJ to evaluate and weigh Dr. Hill's opinions constituted a clear, unarguable violation of the duty of the Commissioner to consider the opinions of all medical experts, including particularly treating specialist physicians. 20 C.F.R. § 404.1527(c). The Court found the Commissioner's appellate position that this clear error did not require reversal unimpressive and unjustified. Further, the failure of any fact finder to consider and weigh the highly probative opinions of another treating specialist psychiatrist, Dr. Richard Ford, submitted for the first time to the Appeals Council, to have been violative of settled Fourth Circuit authority. *See, Meyer v. Astrue*, 662 F.3d 700, 706-07 (4th Cir. 2011); *Bird v. Commissioner of Social Security*, 699 F.3d 337, 340-41 (4th Cir. 2012).

The Commissioner argues that her position was substantially justified because the Magistrate Judge and Plaintiff's counsel overlooked these issues and they were first raised by the

Court itself. (Dkt. No. 36 at 3-4). While the Court has consider this point, the issue of substantial justification under EAJA is focused primarily on the conduct of the government, both at the agency level and on appeal before the Court. 28 U.S.C. § 2412(d)(1)(A), (d)(2)(D). Measured by that standard, the Government has failed to carry its burden of demonstrating that its position was substantially justified at either the agency or court level, making an award under EAJA appropriate.

The Defendant has not challenged the Plaintiff's asserted hours or rate of compensation. The Court has, however, made an independent review of the Plaintiff's attorney time and rates and finds them reasonable and in accord with applicable law. *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). The Court **GRANTS** Plaintiff's motion for attorney fees under EAJA in the amount of $5,596.81 and costs of $23.00. This award is subject to the Treasury Offset Program, 31 U.S.C. § 3716(c)(3)(B). If there is no offsetting debt due and the Plaintiff waives the requirements of the Anti-Assignment Act, the EAJA fees shall be paid directly to Plaintiff's counsel. Otherwise, payment of any amount due under this award, after satisfaction of any debt due under the Treasury Offset Program, shall be paid by check made payable to Plaintiff and delivered to Plaintiff's counsel.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
May 16, 2014

-3-